## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JANEISHA PARKS and**
**JERVACHIA ART'ISE PARKS,**

> **Plaintiff,**

**v.**                                                    **CASE NO.:**

**HEALING BY NATURE SENIOR**
**CARE, LLC, a Florida Limited**
**Liability Company and CAROL G.**
**RILEY-THOMPSON,**
**Individually,**

_____Defendants._____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JANEISHA PARKS ("PARKS") and JERVACHIA ART'ISE PARKS ("J.PARKS") (collectively referred to as "Plaintiffs"), by and through the undersigned attorney, sues the Defendants, HEALING BY NATURE SENIOR CARE, LLC, a Florida Limited Liability Company ("HEALING") and CAROL G. RILEY-THOMPSON ("RILEY") (collectively referred to as "Defendants") and allege:

## JURISDICTION AND VENUE

1.    Plaintiffs were employees of Defendants and bring this action for unpaid minimum wages and proper overtime compensation, liquidated damages,

and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair

Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. § 1331 and the FLSA, and supplemental jurisdiction pursuant to 28 U.S.C.

§ 1367.

3.      At all times material hereto, Plaintiffs were a resident of Leon County,

Florida.

4.      Defendants conduct business in, among others, Leon County, Florida,

therefore venue is proper in the Northern District of Florida, Tallahassee Division,

pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5.      Defendant, HEALING, is a Florida Limited Liability Company that

operates and conducts business in Leon County, Florida and is therefore, within the

jurisdiction of this Court.

6.      At all times relevant to this action, RILEY was an individual resident

of the State of Florida, who owned and operated HEALING, and who regularly

exercised the authority to: (a) hire and fire employees of HEALING; (b) determine

the work schedules for the employees of HEALING, and (c) control the finances

and operations of HEALING. By virtue of having regularly exercised that

authority on behalf of HEALING, RILEY is/was an employer as defined 29 U.S.C. § 201, et seq.

## COVERAGE

7.     At all material times, Defendants were an enterprise covered by the FLSA, and as

defined by 29 U.S.C. § 203(r) and 203 (s).

8.     At all material times, Defendants were an employer as defined by 29 U.S.C. § 203(d).

9.     At all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10.     At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

       a.  Engaged in commerce; or

       b.  Engaged in the production of goods for commerce; or

       c.  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. wheelchairs, medications, computers, and/or office supplies).

11.    Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

12.    In addition, during Plaintiffs' employment, Defendants employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including, but not limited to, medical supplies and diagnostic testing supplies which were used to run the business and care for the patients at home.

## GENERAL ALLEGATIONS

13.    Defendants, HEALING and RILEY, are a company classified as a caregiving

company.

14.    Defendants were an "employer" of Plaintiffs within the meaning of the FLSA.

15.    Plaintiffs were an "employee" of Defendants within the meaning of the FLSA.

16.    Plaintiff, PARKS earned an hourly rate of up to $10.00 per hour, in exchange for

work performed for Defendants from on or around May 2018 through May 2019.

17.    Plaintiff, J.PARKS earned an hourly rate of up to $10.00 per hour, in exchange

for work performed for Defendants from on or around January 2019 through June 2019.

18.   Plaintiff, PARKS regularly worked in excess of forty (40) hours per week from

approximately May 2018 and throughout her employment with Defendant.

19.   Plaintiff, J.PARKS regularly worked in excess of forty (40) hours per week from

approximately January 2019 and throughout her employment with Defendant.

20.   Plaintiffs' gross weekly wages and salary combined, resulted in wages that fell

below the statutory minimum wage during one or more workweeks contrary to §206(a) of the FLSA.

21.   Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiffs overtime compensation at a rate of time and one-half times their regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

22.   Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiff.

23.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

24.     Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

25.     Defendants failed to maintain proper time records as mandated by law.

26.     Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I – RECOVERY OF MINIMUM WAGES (FEDERAL)

27.     All preceding paragraphs are fully re-alleged and incorporated herein.

28.     Plaintiffs were entitled to be paid the full minimum wage for all hours worked

during their employment with Defendants.

29.     Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during her employment with Defendants pursuant to 29 C.F.R. 778.5.

30.     Defendants chose to not pay Plaintiffs the proper and allowable minimum wage and chose not to pay Plaintiffs for all hours worked.

31.    As a result of these common policies, Plaintiffs are entitled to receive the difference between the full applicable statutory minimum wage and the hourly wage actually paid to them.

32.    Defendants failed to maintain proper time records as mandated by law.

33.    Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

34.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

35.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

36.    As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff her proper minimum wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

37.    As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

38.    Plaintiffs are entitled to an award of reasonable attorney's fees and

costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants;

a.      Awarding Plaintiffs their unpaid minimum wages as allowable under the FLSA statute of limitations period;

b.      Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c.      Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d.      Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

39.     All preceding paragraphs are fully re-alleged and incorporated herein.

40.     Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay

for each hour worked in excess of forty (40) per work week.

28.     During their employment with Defendants, Plaintiffs were not paid for all time worked as described above which resulted in Plaintiffs not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

29.     As a result of Defendants' intentional, willful and unlawful acts in refusing to overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

51.     Defendants did not have a good faith basis for its failure to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week.

52.     As result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

53.     Plaintiffs demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated: April 17, 2020.

Respectfully submitted,

**/s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.:  0094694
20 North Orange Avenue, Suite 1400

Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:  (407) 245-3401
E-mail: gschmitz@forthepeople.com
          mbarreiro@forthepeople.com
***Attorney for Plaintiffs***